IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLYDE JONES,<br>    Plaintiff | : | |
| | : | |
| | : | No. 1:24-cv-00119 |
| v. | : | |
| | : | (Judge Kane) |
| INTEGRATED MEDICAL | : | |
| SOLUTIONS, et al., | : | |
|     Defendant | : | |

**MEMORANDUM**

On January 23, 2024, pro se Plaintiff Clyde Jones ("Jones") initiated this case through the filing of a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1.) The complaint asserts violations of Jones's rights under the Eighth Amendment arising from medical care performed by the medical services subcontractor for Canaan United States Penitentiary ("USP-Canaan"), Defendant Integrated Medical Solutions ("IMS"), and its employees. Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court now performs its mandatory screening of Jones's complaint. For the reasons set forth below, the Court will dismiss the complaint and grant Jones leave to file an amended complaint.

**I.   BACKGROUND**

According to the complaint, Jones, an inmate in USP-Canaan, complained of right leg pain on October 31, 2022. (Doc. No. 1 at 2.) Jones observed a "large lump" on the leg. (Id.) "Staff" allegedly took a "cursory glance" at the lump and prescribed him antibiotics. (Id.) No testing was done at that time, but Jones was scheduled for an appointment to be seen by the

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

prison's medical department. (Id.) Jones was seen by the medical department that night and complained of increased pain and said that the lump appeared to be infected. (Id.)

On November 1, 2022, an unnamed nurse gave Jones an antibiotic but nothing to treat the pain he was experiencing. (Id.) The next day, Jones observed significant swelling in his leg. (Id.) He was taken to the medical department, where he informed staff that the pain he was experiencing was "10/10." (Id.) Jones was admitted to Wayne Memorial Hospital in Honesdale, Pennsylvania on November 3, 2022. (Id.) Hospital staff diagnosed him with an abscess caused by a MRSA infection. (Id. at 3.) Jones underwent surgery on November 8, 2022 to treat the abscess. (Id.) He was discharged from the hospital on December 12, 2022 with a "gaping hole" in his leg. (Id.) He was required to undergo frequent treatments after returning to USP-Canaan to treat the wound. (Id.) The complaint names IMS and several of its employees as defendants. Jones seeks one million dollars in damages for "negligence, medical malpractice, etc." (Id.)

## II. LEGAL STANDARDS

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a

prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Smithson v. Koons, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### III.  DISCUSSION

#### A.  Jones's Complaint

Having screened Jones's complaint pursuant to 28 U.S.C. § 1915A, the Court will dismiss it for failure to state a claim upon which relief may be granted.  The Court liberally construes the complaint as asserting: (1) a Bivens claim for deliberate indifference in violation of the Eighth Amendment; (2) a negligence claim against the United States pursuant to the Federal Tort Claims Act; and (3) state law negligence and malpractice claims against IMS and its employees.  The complaint fails to state a claim upon which relief may be granted with respect to all three claims.

Jones's Bivens claim against IMS and its employees fails as a matter of law because Bivens claims cannot be asserted against private corporations, see Corr. Servs. Corp. v. Malesko,

4

534 U.S. 61, 66 (2001), or employees of private corporations, see Minneci v. Pollard, 565 U.S. 118, 125–26, 130–31 (2012); Robertson v. Exec. Dir. Brain Inst. Geisinger Med. Ctr., 578 F. App'x 76, 77 (3d Cir. 2014) (unpublished).

The complaint also fails to state a claim to the extent it can be liberally construed as asserting an FTCA claim against the United States.[2]  The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court." See In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 362 (3d Cir. 2001).  Before asserting an FTCA claim in federal court a plaintiff must first exhaust administrative remedies.  See 28 U.S.C. § 2675(a); Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015).  Exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived.  See Shelton, 775 F.3d at 569.  FTCA claims must be dismissed for lack of jurisdiction when the plaintiff has failed to allege exhaustion of administrative remedies.  See, e.g., Geiger v. United States, No. 3:22-cv-01079, 2023 WL 3136405, at *4 (M.D. Pa. Apr. 27, 2023); Gomez v. United States, No. 1:14-cv-01176, 2016 WL 826899, at *3 (M.D. Pa. Mar. 3, 2016); 35A Am. Jur. 2d Federal Tort Claims Act § 209, Westlaw (database updated Oct. 2023).  Here, Jones has not alleged that he exhausted administrative remedies prior to filing suit and any FTCA claim is therefore subject to dismissal for lack of jurisdiction.

Finally, Jones's complaint fails to state malpractice and negligence claims upon which relief may be granted.  Both malpractice and negligence claims under Pennsylvania law require allegations that (1) the defendants owed the plaintiff a duty of care; (2) the defendants breached that duty; (3) the defendants' breach was the proximate cause of the plaintiff's injuries; and (4)

---

[2]  The United States is the only proper defendant in an action under the FTCA.  See, e.g., Priovolos v. FBI, 632 F. App'x 58, 60 (3d Cir. 2015) (unpublished) (citing CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008)).

5

the plaintiff suffered damages as a result of the breach.  See Mitchell v. Shikora, 209 A.3d 307, 314 (Pa. 2019); Brewington ex rel. Brewington v. City of Philadelphia, 199 A.3d 348, 355 (Pa. 2018).  Here, the complaint does not allege any breach of a duty by the Defendants.  It appears from the complaint that Defendants immediately prescribed antibiotics upon seeing Jones's symptoms, provided medical care to him every day, and transferred him to a hospital for immediate treatment of his abscess within three days of learning of his symptoms.  Thus, rather than being negligent, it appears that Defendants quickly and diligently treated Jones and provided the level of medical care necessary to treat his condition.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment."  See id.  The Court should also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Here, the Court will grant Jones leave to file an amended complaint because the Court finds that amendment would be neither inequitable nor futile.  Jones is advised that the amended

6

complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth Jones's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to each defendant and sufficiently allege personal involvement of the defendant in the acts that Jones claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim. Any factual allegations that indicate deliberate indifference, negligence, or malpractice by defendants should be included in the amended complaint. If Jones fails to file an amended complaint, this case will be dismissed without further leave to amend for the reasons stated in this Memorandum.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss Jones's complaint without prejudice and grant Jones leave to file an amended complaint. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania